This matter comes before the court on notice to dismiss complainant's bill in so far as it prays for relief against the defendant Frank A. Kraus.
The bill sets forth that on December 29th, 1922, complainant conveyed the premises described therein to Frank Hammond. More than three years thereafter, or on the 27th day of February, 1926, Hammond entered into a contract *Page 56 
to convey the same premises to Frank A. Kraus. On the 2d day of March, 1926, Hammond gave Kraus a deed for the property and was paid by Kraus the sum of twentythousand dollars ($20,000). Kraus entered into possession of the premises and started the erection of a dwelling thereon. The complainant says that a few days before the 15th day of April, 1926, he sent a letter to Kraus, but sets forth no copy of the letter in his bill. His solicitor contended, however, that it was a notice to Kraus that he considered Hammond the sole owner of the premises. He refers to the letter in paragraph 10 of the bill, but it appears to be simply a statement of his conclusions as to the purport of the letter. Upon the argument I asked the solicitor of the complainant why he had not set forth in more detail the contents of the letter. Kraus denied ever having received the letter and during the course of the argument it appeared that it was addressed to Paterson, New Jersey, when in fact Kraus lives at Ridgewood, New Jersey. It was admitted that the letter was mailed to Paterson, New Jersey. In paragraph 11 complainant says that he communicated with Kraus by telephone and was informed that he had received the letter, but Kraus denies this telephonic communication.
As soon as Kraus had entered into the contract for the purchase of the property he began the erection of a dwelling for a home upon the same, which was a notice to everyone that he had some interest in the premises. He became obligated for the erection of the building, and yet complainant took no steps to prevent the continuation of the work, except by a letter which he says he sent to Kraus. Had Kraus received the letter it shows no special diligence on the part of complainant. He could have applied to this court immediately for an injunctive order which would have relieved Kraus of his contractual obligations. Why should Kraus at the outset be compelled to litigate when he had no notice of any arrangement such as the complainant says he had with Hammond? Complainant has remained silent since December 29th, 1922, and the deed to Hammond given at that time was absolute on its face. If Hammond held the premises by virtue of any trust agreement, as claimed by the complainant, *Page 57 
and Hammond has been guilty of a violation of his trust, the complainant has an adequate remedy at law against him. Hammond has filed an answer in this action denying any such agreement with complainant.
The motion to dismiss the bill as against the defendant Frank A. Kraus should be granted.